NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2819
_____

GERARD PISCOPO,
Appellant

v.

PUBLIC SERVICE ELECTRIC AND GAS COMPANY,
a/k/a "PSEG";
BETH J. ACQUAIRE, Individually
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-13-cv-00552)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2016

Before:  FISHER, RENDELL and BARRY, *Circuit Judges*.

(Filed: May 25, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gerard Piscopo challenges the district court's dismissal of his complaint under Rule 12(b)(6) for failure to state a claim. Piscopo brought various claims under the Employee Retirement Income Security Act ("ERISA") and a claim for intrusion into seclusion. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Gerard Piscopo has worked as a Service Specialist at Public Service Electric and Gas Company ("PSE&G") since 1986. On June 16, 2009, PSE&G notified Piscopo that he was being discharged in response to a customer complaint concerning Piscopo's alleged improper behavior on a service call. Piscopo's bargaining unit representative appealed his discharge on Piscopo's behalf, and his appeal went to arbitration. The arbitrator ruled in favor of Piscopo, finding that PSE&G did not have proper cause to terminate Piscopo. The arbitrator ordered PSE&G to reinstate Piscopo and give him back pay.

Piscopo claims that while his appeal was pending and before the arbitrator's favorable decision and his reinstatement, he was forced to liquidate his 401(k) plan in order to provide for life's basic necessities. As a result of this liquidation, he incurred substantial fees and taxes. Piscopo alleges that he was not awarded the pension and

2

retirement contributions owed to him and that he attempted to access the pension plan documents but was denied access.

Piscopo also claims that, from November 2008 to June 2009, PSE&G and Beth Acquaire, a PSE&G employee, conducted surveillance on him, including intercepting his wire, electronic, and oral communications and having an investigator follow him.

Piscopo filed suit against PSE&G and Beth Acquaire in the Superior Court of New Jersey, and the case was removed to the District Court for the District of New Jersey. PSE&G moved to dismiss Piscopo's claims under Federal Rule of Civil Procedure 12(b)(6). In response Piscopo amended his complaint, and PSE&G again moved for dismissal. After granting PSE&G's motion to dismiss as to some of Piscopo's claims, the district court allowed Piscopo to amend his complaint again. In his second amended complaint, Piscopo asserted an ERISA claim and a claim for intrusion upon seclusion. PSE&G moved to dismiss those claims, and the district court granted that motion on June 25, 2015. Piscopo timely appealed.

## II.

The district court had jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a Rule 12(b)(6) motion.[1] In deciding a motion to dismiss pursuant to Rule 12(b)(6), we "accept all factual allegations as true,

---

[1] *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013).

construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[2]

### III.

Piscopo's challenge to the district court's dismissal of his complaint rests on three grounds: the district court used an improper standard in deciding PSE&G's motion to dismiss; his ERISA claims withstand a motion to dismiss; and his unreasonable intrusion into seclusion claim is not time-barred.

### A.

Piscopo first argues that the district court employed the improper standard in ruling on PSE&G's motion to dismiss and that it improperly considered outside documents that were not attached to Piscopo's complaint.

In considering a motion to dismiss, the district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[3] In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] Although the district court, in deciding a motion to dismiss, ordinarily may not consider matters extraneous to the pleadings, "an exception to the general rule is that a

---

[2] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted).

[3] *Id.* at 233.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"[5]

The district court's opinion accompanying its order to dismiss Piscopo's claims correctly identifies and utilizes the proper standard for deciding a motion to dismiss. The district court considered two documents that Piscopo did not attach to the complaint: the collective bargaining agreement and the arbitration opinion. PSE&G, however, did attach those documents to its motion to dismiss. In considering the CBA and arbitration opinion, the district court found that they were "'integral' to Plaintiff's allegations and 'undisputedly authentic.'"[6] Piscopo does not appear to dispute that the CBA and the arbitration opinion are authentic. And both documents are integral to the Piscopo's claims that PSE&G violated the collective bargaining agreement and that PSE&G and Beth Acquaire conducted surveillance on Piscopo.

Therefore, the district court applied the correct standard in deciding PSE&G's motion to dismiss.[7]

B.

Piscopo's next arguments center on the district court's dismissal of his ERISA claims.

---

[5] *In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (alterations and emphasis original to *Burlington Coat Factory*)).

[6] App. 3 n.1.

[7] Even if we agreed that the district court applied the incorrect standard, our review is *de novo*, and our independent review confirms that the district court is correct.

He contends that the district court improperly held that ERISA contains no private right of action. This argument is without merit. The district court did not hold that there is no private right of action under ERISA; it simply held that there is no private right of action under § 503 of ERISA. Piscopo also misinterprets what § 503 requires of employee benefit plans. Under § 503, every employee benefit plan must "afford a reasonable opportunity to any participant *whose claim for benefits has been denied* for a full and fair review by the appropriate named fiduciary of the *decision denying the claim.*"[8] In his complaint, Piscopo alleges that he was denied an opportunity to review the plan itself. But § 503 is not concerned with his right to review the plan; it is the right to review a decision denying his claim that he must be afforded. Piscopo did not file a claim and so no decision was ever rendered denying any claim. Thus, this provision does not apply here.

Piscopo also challenges the dismissal of his ERISA claim under § 502(c)(1)(B). Under § 502(c)(1)(B), any administrator who fails to comply with a request for certain required information by the beneficiary within thirty days may be personally liable to that beneficiary in the amount of $100 a day, and the court may in its discretion order such other relief as it deems proper. Importantly, claims under this section are proper only as against the plan administrator. The term "administrator" means "(i) the person specifically so designated by the terms of the instrument under which the plan is

---

[8] 29 U.S.C. § 1133(2) (emphases added).

6

operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe."[9] Although Piscopo was given several chances to amend his complaint, he failed to allege any facts demonstrating that PSE&G is the plan administrator.[10] Simply stating that PSE&G is the administrator is conclusory and not sufficient to state a claim for relief that is plausible on its face.

Lastly, Piscopo challenges the dismissal of his ERISA claim under § 502(a)(1)(B). Under § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[11] In his second amended complaint, Piscopo simply alleges the elements of § 502(a)(1)(B), but does not provide any details concerning his standing to sue as a beneficiary, the plan, or any provision showing that he is entitled to retirement benefits. Again, such conclusory statements stating only the elements of the claim are not sufficient to survive a motion to dismiss. Therefore, the district court was correct to dismiss Piscopo's claims.

---

[9] 29 U.S.C. § 1002(16)(A).
[10] *See* app. 381 (stating only "PSE&G are administrators and fiduciaries of each plan and/or de facto under ERISA.").
[11] *Id.* § 1132(a)(1)(B).

C.

Finally, Piscopo challenges the district court's holding that his intrusion into seclusion claim is time-barred. In his complaint, Piscopo alleged that Acquaire—with PSE&G's knowledge and support—conducted surveillance on Piscopo and that these acts constitute an unauthorized intrusion in his seclusion under New Jersey law.

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."[12] The tort of intrusion into seclusion is governed by a two-year statute of limitations.[13]

Piscopo does not dispute that he filed his complaint alleging intrusion into seclusion more than two years after the alleged tortious conduct occurred (according to Piscopo, between November 2008 and June 2009).[14] Rather, he claims that he did not become aware of the tortious conduct until March 2011, when the information supporting

---

[12] *Figured v. Paralegal Tech. Servs., Inc.*, 555 A.2d 663, 666 (N.J. Super. Ct. App. Div. 1989) (quoting Restatement (Second) of Torts § 652B).

[13] *Rumbauskas v. Cantor*, 649 A.2d 853, 858 (N.J. 1994) ("[A]n action for intrusion on seclusion that is premised on conduct such as the stalkings or threats of violence … constitutes a claim for 'injury to the person' of the plaintiff and is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2.").

[14] In his complaint, Piscopo also alleged that the tortious conducted "started up again." The district court rejected this allegation as "equivalent to an 'upon information and belief' allegation that courts routinely reject." App. 14.

the arbitration cause of action was made available to him. Thus, he claims, the discovery rule applies and tolls the time in which he was required to file his complaint.

A cause of action generally accrues from the date of the wrongful act or omission.[15] In certain cases, the discovery rule "postpone[s] the accrual of a cause of action when a plaintiff does not and cannot know the facts that constitute an actionable claim."[16] In those cases where the discovery rule applies, the limitations period begins to run when the injured plaintiff "discovers, *or by an exercise of reasonable diligence and intelligence should have discovered* that he may have a basis for an actionable claim."[17]

The district court held that Piscopo should have become aware of the surveillance in the July 2010 arbitration opinion—and at the arbitration hearings in May and June 2010—because it discussed the investigation at issue. Piscopo takes issue with the district court's holding that he should have become aware. But "should have known" *is* the proper standard. Through reasonable diligence in reading the arbitration opinion, Piscopo should have discovered the facts essential to the intrusion claim.[18] Therefore, the district court was correct in holding that, at the latest, the limitations period on his claim began to

---

[15] *Beauchamp v. Amedio*, 751 A.2d 1047, 1050 (N.J. 2000).

[16] *McGrogan v. Till*, 744 A.2d 255, 258 (N.J. Super. Ct. App. Div. 2000) (internal quotation marks omitted).

[17] *Lopez v. Swyer*, 300 A.2d 563, 565 (N.J. 1973) (emphasis added).

[18] The arbitration opinion describes Acquaire's investigation into Piscopo's phone records and conversations with the customer whose complaint formed the basis of his termination. App. 133-146.

run in July 2010. Because Piscopo filed more than two years after that date, his claim is time-barred.

IV.

For the reasons set forth above, we will affirm the district court's order granting PSEG's motion to dismiss.